UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS MONDRIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>PRABHJOT KAUR,<br><br>    Defendant. | Case No.: 1:21-cv-00151 DAD JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION FOR LACK OF JURISDICTION |

The plaintiff alleges that in connection with his divorce, his ex-wife removed all of the property from their apartment and took money from their joint bank accounts. (Doc. 1 at 8) He alleges that the defendant made up claims of domestic violence resulting in her being granted a divorce and being awarded custody of the couple's child. Id. He alleges that after the divorce, he was left homeless and penniless. Id. He seeks to be compensated for the fact that he "brought Prabjot [sic] Kaur from the hellish life in India," and, in doing so, paid for the wedding and reception in India. Id. at 8-9. The plaintiff seeks to be "compensated for [the] amount for my actual lost [sic] and damages during and after marriage [in the amount of] $87,970.90." Id. at 9. Because the Court lacks jurisdiction over the matter, the Court recommends the matter be dismissed.

///

///

///

**A.     The Court cannot review the judgment of the Kern County Superior Court**

The Kern County Superior Court issued a judgment of dissolution of the marriage of the parties on February 26, 2019.[1,2] It granted the defendant's move away request, which allowed the defendant and the couple's child to move from the jurisdiction, on April 2, 2020. Clearly, the plaintiff takes exception to the superior court's determinations about the property division, the dissolution of the marriage and the child custody determination. Likewise, he seems to regret that he paid the marriage ceremony and reception costs, the cost of travel for his ex-wife from India, and he regrets that he financially supported his wife during the marriage while she did not work. Id. at 8. However, the proper court to raise these complaints is the Family Court of the Kern County Superior Court. He cannot attack that dissolution judgment in this Court.

Under the Rooker-Feldman doctrine, a party may not seek appellate review in federal court of a decision made by a state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

Doe v. Mann, 415 F.3d 1038, 1041-42 (9th Cir. 2005); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced ..."). Accordingly, the district court lacks jurisdiction over "claims ... 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." Bianchi v. Rylaarsdam, 334 F.3d

---

[1] The Court takes juridical notice of the docket of the actions filed by the defendant against the plaintiff in the Kern County Superior Court and the lawsuit filed by the County of Kern against the plaintiff for unpaid child support. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and the Court may take judicial notice of them. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

[2] The Court notes that the defendant has filed numerous claims of domestic violence against the plaintiff (Case Nos.: BFL-16-001080, BFL-18-004832; BFL-19-001076, BFL-15-001621) and the current restraining order expires on January 23, 2024 (Case No.: BFL-18-004832). The plaintiff has also sued the defendant in a small claims action in the Kern County Superior Court on February 25, 2019 (Case No.: BCS-19-001463), though it was dismissed for lack of service.

895, 898 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483, 485).

The Rooker-Feldman doctrine bars federal review of state court decisions regarding proceedings in family court. See, e.g., Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); Rucker v. County of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

Significantly, it appears that Plaintiff wants the Court to redetermine the property division made in the Kern County Superior Court.[3] Notably, the divorce was final more than a year before the defendant moved from the jurisdiction. Any complaints about the division of the assets was a question for the Family Court. In addition, the allegation that the defendant owes the plaintiff money is belied by the judgment obtained against him by the County of Kern for unpaid child support. (Case No. BDA-19-001021, dated July 26, 2019) Indeed, the Kern County Superior Court determined implicitly that the defendant does not owe him money when it issued the judgment ordering the plaintiff to pay back child support. Thus, this lawsuit seeks to relitigate claims determined in that state court action. Accordingly, it appears the Court is unable to grant Plaintiff the relief requested according to the Rooker-Feldman doctrine.

**B.     Allegations of diversity jurisdiction are unsupported**

To establish diversity jurisdiction, the plaintiff must demonstrate that he and the defendant are residents of different states and that there is $75,000 in controversy. 28 U.S.C. § 1332. The complaint

---

[3] Likewise, when a married couple holds property in joint tenancy—such as in a bank account—either partner has the right to the *entirety* of the property, not just half. The concept of community property only concerns property divisions; it does not control whether either partner can spend all of the money or sell all of the personal or real property.

demonstrates the first element, because he alleges that he lives in California and his ex-wife lives in Indiana. (Doc. 1 at 4) However, he seeks to recover, apparently, all amounts he has paid toward the wedding ceremony and reception, travel for his ex-wife from India and financial support of his ex-wife from before their marriage (Doc. 1). There is no support for the claim that these amounts are recoverable.[4] Indeed, the plaintiff makes no effort to set forth a cause of action that would entitle him to the relief he seeks.  Also, each owner of a joint bank account is entitled to all of the money in the joint account, not just half. Lee v. Yang, 111 Cal.App.4th 481, 490 (Cal. App. 1st Dist. 2003). Thus, reason dictates that once these amounts are deducted, the amount alleged to be in controversy falls below $75,000. Consequently, the Court lacks diversity jurisdiction.

### C.      Findings and recommendation

As set forth above, the face of the complaint demonstrates a lack of jurisdiction. Accordingly, the Court RECOMMENDS that the action be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 9, 2021**                          **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[4] For example, a gift given in contemplation of marriage assumes the marriage will take place.  Once it has taken place, the gift is no longer recoverable. Cal. Civil Code § 1590. Likewise, where the donor is the cause of the failure of the condition, the gift is not recoverable. Id.